Hyatt, J.
This was an action to recover for two months and twenty days’ rent of premises formerly leased by plaintiff to the defendant on the ground that the defendant had held over and continued in possession of said premises, by and with the consent of plaintiffs, after the expiration of his lease and was liable in consequence.
The defense was, that such holding over and occupation was by an arrangement made between the defendant and the plaintiff whereby the latter was to permit the defendant to remain until such time as he moved out, paying rent up to that time.
*901 The lease between the parties was in writing, and by its terms, expired on February 1st, 1885. The defendant occupied the premises until the 1st of July, .1885, he then moved out and paid rent in full up to that time. The court submitted to the jury the question whether as defendant contended, there was an agreement in December with the landlord, that after the end of the lease he would be permitted to stay as long as he liked, and that he could leave at any time, this was not excepted to, and the jury having found in favor of the defendant, their verdict is conclusive.
The failure of the plaintiff to ask for the direction of a verdict, or to except to the submission of the facts to the jury “ is an admission that there was sufficient to go to the jury, and having taken the chances of a verdict, cannot thereafter raise the objection. Sheely v. Cannon, 17 Weekly Dig., 159.
It is admitted that the Revised Statutes, fifth edition, vol. 8, sec. 1, page 34, provide that agreements for the occupation of lands or tenements in the city of New York, which shall not particularly specify the duration of such occupation, shall be deemed valid until the first day of May next, after the possession under such agreement so commenced, etc., etc.
The case at bar, however, is not within this statute. This lease between the parties hereto expired on the 1st day of February, 1885.
This action is for the recovery of rent falling due on the 1st day of August and September, 1885, and the simple question for the determination of the jury was, whether or not there was an understanding and agreement between the landlord and the tenant, that after the expiration of the original lease, the tenant should continue to occupy the premises until such time as he might fix and determine for vacating the same, at a fixed rent. The jury found that there was such an understanding and agreement; it follow's therefore that the defendant having paid the rent until the first day of July, and then moved out, that his liability for rent being only for the time he occupied the premises, then ceased.
We do not think the plaintiff’s exception to the introduction in evidence of the defendant’s promissory note in payment of June rent, well taken, for the reason that the plaintiff conceded the payment by the defendant of -rent to July 1st, whether by note or otherwise. It is uncontradicted that this note, although dated after the defendant had vacated the premises, and payable three months after date, was for the month of June, the last month of the defendant’s occupation. We do not believe under such circumstances that it prejudiced the minds of the jury adversely to the plaintiff.
The exception might have been available if it were not that the evidence is positive and uncontradicted, that the note was *902 paid and received for rent for the month of June, in pursuance of an agreement made between the parties upon the expiration of a written lease, for use and. occupation of premises for an agreed time, at a fixed rental; this was a new and valid agreement. It is true that no exact date was fixed for the termination of the understanding and agreement, but the parties agreed, upon positive terms as to the duration of the occupancy, and no' question of law, therefore, could arise under the Revised Statutes before referred to.
Upon all the facts the jury found a verdict in favor of the-defendant; we see no reason to disturb their conclusion.
Judgment and order' appealed from affirmed with costs.
Hall and Ehrlich, J,J., concur.